In the Matter of the Application of the EMPIRE HOME FURNISHERS, INC., Respondent, for an Order of Mandamus against J. WARD WHITE, as Mayor of the City of Schenectady, New York, Appellant.*

Third Department, May 26, 1932.

*Mathias P. Poersch, Corporation Counsel [McDonald King, Assistant Corporation Counsel, of counsel], for the appellant.*

*George A. Marcus*, for the respondent.

HILL, J. The mayor of Schenectady appeals from a peremptory mandamus order directing that he issue a license permitting the

* Affg. 143 Misc. 285.

petitioner to conduct an auction sale of furniture and household furnishings for ten days at its store in Schenectady. An ordinance of the city entitled, " General Ordinance Regulating Public Auctions," provides: " No person, firm or corporation whether acting as principal or as agent for another shall conduct a public auction * * * without first obtaining a license therefor as provided herein." The provisions of the ordinance which is involved are as follows:

" Section 7. That before the issuing of said license there shall be paid to the Mayor of the City of Schenectady a license fee of $3.00 per day which shall be sufficient to cover the cost of issuing said licenses and the cost of inspections under this ordinance and any other expense to the City of Schenectady under this ordinance; no license shall be granted for a longer period than fifteen (15) days.

" Section 8. The Mayor in his discretion may for any good and sufficient reason revoke the license granted under the provisions of this ordinance."

Since 1930 the petitioner has been the proprietor of a store in which furnishings and furniture have been sold at private sale. In February, 1932, it received a license to conduct an auction sale for fifteen days. At the expiration of this period its request to the mayor for a new license for ten days was denied. The order appealed from directed that the license be issued. The appellant states that the refusal was justified because in the original application for the sale in February, petitioner stated its intention to be to sell the merchandise in its store and retire from business, and that disregarding such representations new merchandise had been brought in which was included among the items to be sold during the period for which the second license was asked; also that several furniture merchants, doing business in Schenectady, protested against the issuance of the second license denominating auction sales as " unfair and unclean competition." No other reason is given to justify the denial of petitioner's application.

It has been determined that the business of conducting auctions or acting as an auctioneer is legal; however, that reasonable regulations are within the police power. (*Biddles, Inc.*, v. *Enright*, 239 N. Y. 354.) The Schenectady ordinance gives the mayor authority to regulate and also to prohibit such sales. Neither the Legislature of the State nor that of the city has power to do the latter. The sale of furniture either at private or public sale is yet a common right which may be exercised by all persons and not a privilege to be gained by a public grant or franchise. Sales of the ordinary commodities of trade are not affected with a public interest so as

to justify regulations or limitations beyond the usual police power to protect public health, morals and welfare. (*Wolff Co.* v. *Industrial Court*, 262 U. S. 522.) Auction sales of ordinary commodities of trade do not involve the public health or morals. Competition between vendors of ordinary merchandise may not be eliminated in furtherance of public welfare. (*New State Ice Co.* v. *Liebmann*, —— U. S. ——; 52 Sup. Ct. Rep. 371.)

The order should be affirmed, with costs.

All concur.

Order affirmed, with costs.