WALLACE HERRICK, Plaintiff, v. JOHN ARBORIO and Another, Defendants.

KATHRYN F. WARD, Plaintiff, v. JOHN ARBORIO and Another, Defendants.

WILLIS McCORMICK, Plaintiff, v. JOHN ARBORIO and Another, Defendants.

Supreme Court, Albany County, June, 1932.

*Sol Rubenstein*, for the plaintiffs.

*William F. Donahue* [*John J. Connors, Jr.*, of counsel], for the defendant Arborio.

BLISS, J. The facts as alleged by the complaints and stipulated by the parties for the purposes of this motion are as follows:

On December 31, 1930, an automobile owned by the plaintiff McCormick, and in which the plaintiffs Herrick and Ward were riding as guests, came into collision on a public highway with a trailer owned by the defendant Arborio. This trailer, owned by the defendant Arborio, had been loaned to another and was being hauled by a truck of the defendant Adams. The trailer was not in the possession of the defendant Arborio at the time of the accident.

This defendant contends that a trailer is not a motor vehicle within the meaning of the Vehicle and Traffic Law and that section 59 of the Vehicle and Traffic Law does not apply to him.

Section 59 of the Vehicle and Traffic Law provides as follows: " Every owner of a motor vehicle or motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner.   *   *   * "

Subdivision 7 of section 2 of the same law (as amd. by Laws of 1930, chap. 756)  states: " ' Vehicle ' shall include any device in, upon or by which any person or property is or may be transported or drawn upon a public highway,   *   *   *."

Subdivision 8 of the same section (as amd. by Laws of 1930, chap. 756)  states: " ' Motor vehicle ' shall include all vehicles propelled by any power other than muscular power,   *   *   *."

This definition of a motor vehicle does not include a trailer. Apparently it is the well-defined scheme of the Vehicle and Traffic Law to differentiate clearly between motor vehicles and trailers. Section 11 of this law, relating to the registration of motor vehicles and trailers, contains separate provisions for the registration of each. This section, in dealing with trailers, states: " Every owner of a vehicle commonly known as a ' trailer,' for the transportation of goods, wares and merchandise, not propelled by its own power, to be drawn on the public highways by a motor vehicle operated thereon shall also make application for the registration thereof in the manner herein provided for an application to register a motor vehicle, without the statement relating to motive power; but the application shall set forth the combined weight and carrying capacity of such trailer.   *   *   * "

Section 12, subdivision 3, of this law contains separate provisions in relation to the operation of motor vehicles and trailers without number plates, and states: " No person shall operate or drive a motor vehicle drawing a trailer on the public highways of the state, unless such trailer shall have a distinctive number assigned to it by the commissioner and a number plate issued by such commissioner with a number corresponding to that of the certificate of registration displayed and fastened on the rear in the manner provided for number plates on the rear of a motor vehicle, nor unless such person shall also have with him the certificate of registration of such trailer.   *   *   * "

There is also a clear distinction to be made between a motor vehicle and a trailer from the standpoint of the danger accompany-

ing their operation. A motor vehicle has certain dangerous propensities and potentialities. It usually contains a high-powered motor and its operation must be carefully controlled to protect the safety of others. A trailer in and of itself has no such inherently dangerous properties. It is not self-propelled. It can be operated only when attached to a motor vehicle and its operation is entirely controlled by the operator of the motor vehicle itself. It does not require a separate attendant or operator to control it either as to speed or direction.

Section 59 of the Vehicle and Traffic Law makes no reference to the owner of a trailer and does not impose any liability upon the owner of a trailer.

The motion of the defendant Arborio is granted, with ten dollars costs, and he may submit an order accordingly.