[Civ. No. 2974. Fourth Dist. Nov. 16, 1942.]

JESSIE FLORENCE MILLER et al., Respondents, v. ROBERT BERMAN et al., Defendants; DICK G. EVANS, Appellant.

Sherman & Sherman and Glenn M. Still for Appellant.

Martin C. Casey for Respondents.

MARKS, J.—This is an appeal from a judgment awarding plaintiffs $10,000 damages for the death of Charles B. Miller in a collision between an automobile being driven by deceased, and a truck tractor, of which defendants Berman and Cantu were the registered owners, with a semitrailer attached to it which was owned by defendant Evans. The recovery against Evans was limited to $5,000 under the provisions of section 402 of the Vehicle Code. Evans alone has appealed from the judgment.

■ The important question, presented here for the first time in California, is the liability of Evans as owner of the semitrailer for damages caused by the negligence of Cantu, the driver and one of the registered owners of the truck tractor to which the semitrailer was attached. He was operating the combination of the truck tractor and semitrailer with the consent, express or implied, of Evans.

We are cited to but few authorities on the precise question presented. Before considering these cases we should observe that the provisions of the New York Statutes bearing on the subject are very similar to those of our Vehicle Code.

The first case to which our attention is directed is *Herrick* v. *Arborio,* 144 Misc. 15 [258 N.Y.S. 5], decided by the Supreme Court of Albany County, New York, in June, 1932. It was there held that a trailer was not a motor vehicle. A similar conclusion was reached in *Liberty Highway Co.* v. *Callahan,* 24 Ohio App. 374 [157 N.E. 708]. A conclusion to the contrary was reached in *State* v. *Schwartzmann Service, Inc.,* 225 Mo.App. 577 [40 S.W.2d 479].

The case of *Pecoraro* v. *Shippers Dispatch, Inc.,* 162 Misc. 309 [295 N.Y.S. 153], was decided by the city court of Buffalo, New York, on March 15, 1937. It was there held that a semitrailer attached to and drawn by a "puller," which seems to be similar to the truck tractor involved here, was part of a motor vehicle and that the owner who had permitted its use by the owner and driver of the "puller" was liable for damages caused by the negligence of that driver even though he had no interest in the "puller."

In the case of *Hennessy* v. *Walker,* 279 N.Y. 94 [17 N.E. 2d 782, 119 A.L.R. 1029], decided by the Court of Appeals of New York on November 29, 1938, the precise facts before us here were there involved. The majority of the court reached the conclusion that under the statutes of New York it was "evident that the Legislature intended to and, in fact, did literally separately classify trailers and semitrailers and treat them differently than motorcylces and motor vehicles for all the purposes of the law;" that section 59 of the Vehicle and Traffic Law of New York made the *owner* of a motorcycle or a motor vehicle operated by another, with his consent, liable for damages resulting from the negligence of the driver thereof; that the owner of a semitrailer attached to a truck tractor could not be held for damages occasioned

by the negligence of the driver as it was not a motor vehicle. Chief Justice Crane filed a dissenting opinion in which Mr. Justice Loughran concurred.

In *Eddleman* v. *City of Brazil,* 201 Ind. 84 [166 N.E. 1], the conclusion was reached that a motor tractor and a semitrailer attached to it constituted one motor vehicle.

The Vehicle Code in effect at the time of the accident, June 21, 1940, contained the following:

Sec. 31. "A 'vehicle' is a device in, upon or by which any person or property is or may be propelled, moved or drawn upon a highway, excepting a device moved by human power or used exclusively upon stationary rails or tracks.

Sec. 32. "A 'motor vehicle' is a vehicle which is self-propelled.

Sec. 32.5. "A 'truck tractor' is a motor vehicle designed and used primarily for drawing other vehicles and not so constructed as to carry a load other than a part of the weight of the vehicle and load so drawn.

Sec. 37. "A 'semitrailer' is a vehicle designed for carrying persons or property and having one or more axles and one or more wheels, used in conjunction with a motor vehicle and so constructed that some part of its weight and that of its load rests upon, or is carried by, another vehicle."

Under the provisions of section 141 of the same code a motor vehicle and a semitrailer are required to be registered separately thus indicating an intention to regard them as separate vehicles, at least for the purpose of registration.

Under these definitions we have no difficulty in concluding that the truck tractor involved in this case was a motor vehicle and that the semitrailer was a vehicle, but not a motor vehicle. We may also conclude that when the front of the semitrailer is resting on the rear of the truck tractor and joined to it for the purpose of both being moved over the highways, the two may become one motor vehicle. Thus we have the situation here of Berman and Cantu being the owners of the truck tractor, which was a motor vehicle in itself, and Evans being the owner of the semitrailer which was a vehicle but not a motor vehicle. When the two were joined together to form one motor vehicle Berman and Cantu were owners of one part and Evans was the owner of another part.

The first paragraph of section 402 of the Vehicle Code provides as follows:

"Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages."

The foregoing section, formerly 1717¼ of the Civil Code, imposed a new liability on the owner of a motor vehicle who permitted another to use it. Under well recognized rules such a statute giving a right of action against a person who would not otherwise be liable, must be strictly construed in favor of the person upon whom such new liability is made to rest. (*Weber* v. *Pinyan*, 9 Cal.2d 226 [70 P.2d 183, 112 A.L.R. 407] ; *Swing* v. *Lingo*, 129 Cal.App. 518 [19 P.2d 56].)

It requires no strict construction of the statute to hold that it imposes a liability on the owner of a motor vehicle who permits another to operate it and does not impose the same liability on the owner of a vehicle which is not self-propelled.

It is clear that there was no liability imposed on Evans for any negligence of Berman or Cantu in connection with the semitrailer before it was attached to the truck tractor. After it was attached, and when propelled over, the highway, Berman and Cantu were liable for damages caused by the negligence of either in the operation of the combined vehicle. Was Evans liable as owner of a part of the combined vehicle? We think he was not.

The statute imposes liability on the owner of the motor vehicle. Evans did not own the motor vehicle, but a part of it which was not a motor vehicle. His ownership of the semitrailer did not make him a joint owner of any interest in the whole vehicle. Under the clear language of the statute no liability was imposed on him. Were any other conclusion reached it would be impossible to draw any line of demarcation when considering how important a part of a motor vehicle must be which is loaned to another in order to make the lender liable. Spark plugs are necessary for the operation of a gasoline engine. Certainly if a person loaned a spark plug to a friend the lender could not be held a part owner of the motor vehicle and liable under the provisions of section 402 of the Vehicle Code.

The conclusion we have reached makes it unnecessary to consider the other questions argued by Evans.

The portion of the judgment against Dick G. Evans is reversed.

Barnard, P. J., and Griffin, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied January 14, 1943. Carter, J., voted for a hearing.