Frank S. McCullough, J.
The complaint alleges that the plaintiff, Corsi Bros., Inc., owned a certain tractor, which shall hereafter he referred to as “ the Corsi tractor ”, and that the defendant, John A. Daly, also owned a tractor which shall hereafter he referred to as “the Daly tractor”. The defendant, Raymond Clapper, Jr., was an employee of Daly.
Prior to September 19, 1957, the Daly tractor broke down while in the State of Virginia. Daly contacted Corsi, asking him to transport the Daly tractor back to Connecticut. Corsi thereupon sent the Corsi tractor to the State of Virginia to tow the Daly tractor back to Connecticut. The Daly tractor was secured to the rear of the Corsi tractor.
On September 19, 1957, while the Daly tractor was attached to the rear of the Corsi tractor, and while defendant Clapper was *1078 operating the Corsi tractor on his return from, the State of Virginia, a collision between the Corsi tractor and an automobile occurred in White Plains.
An action was brought by the owner, operator and passenger of the automobile against Corsi, Daly and Clapper. Daly’s insurance company refused to defend the action. Corsi’s insurance carrier settled the action when it came on for trial, for the sum of $12,500. Daly and his carrier agreed and consented to such a settlement.
Corsi and its insurance carrier demanded that Daly and his insurance carrier pay their proportionate shares of the settlement, but they refused to do so, whereupon Corsi and its insurance carrier made full payment under the settlement.
Corsi’s insurance policy provides coverage of $25,000 for injuries to one person, and $25,000 for injuries to all persons.
Daly’s insurance carrier, according to the complaint, provided coverage of $150,000 for injuries to one person and $150,000 for injuries to all persons. The answer, however, denies this and alleges that the policy provided for $50,000 for injuries to one person and $100,000 for injuries to all persons.
The plaintiff contends that Daly’s insurance carrier should pay 80% of the settlement of $12,500. This percentage was arrived at on the basis of the ratio between Corsi’s total coverage of $25,000 to Daly’s total coverage of $100,000. Counsel fees are also sought by the plaintiffs. The crucial issue in this action arises out of the manner in which the two tractors were attached at the time of the accident, and whether such attachment constituted a tractor-trailer combination.
Section 59-a of the Vehicle and Traffic Law, effective as of the date of the accident, stated as follows:1 ‘ Every owner of an auto truck or auto tractor and every owner of a trailer or semitrailer attached, if separately owned, shall be jointly liable and responsible for death or injuries to person or property resulting from negligence in operation by any person legally using or operating the same, or either, with the permission, express or implied, of such owners. For the purposes of this section, the auto truck or auto tractor and the trailer or semi-trailer shall be deemed one vehicle and the operator, while acting in the scope of his employment shall be deemed the agent of each and the operator of the combined vehicle. All bonds executed by or policies of insurance issued to the owner of an auto truck or auto tractor, or issued to the owner of a trailer or semi-trailer, shall contain a provision for indemnity or security against the liability and responsibility provided in this section; but this *1079 provision shall not be construed as requiring that such a policy include insurance against liability of the insured, being an individual, for injuries to his or her spouse or for injury to property of his or her spouse.”
The plaintiffs assert that the attachment of the Daly tractor to the rear of the Corsi tractor created a combined vehicle, fitting the description of a tractor-trailer combination set forth in the quoted statute, and that under the aforesaid statute, one vehicle resulted. Plaintiffs further contend that the operator of such vehicle, Clapper, was the agent of each and the operator of the combined vehicle.
Thus, plaintiffs’ principal argument is that Clapper operated the combined vehicle, was the. agent of both Corsi and Daly, and that the accident was, therefore, under the coverage of the insurance policies of both Corsi and Daly.
It is not necessary to rule on the mathematical division of liability for the accident until the issue of joint liability is first resolved.
At common law, a master is responsible for the negligent acts of his servant while the servant is engaged in the master’s business. When the servant leaves his master’s employ and enters into the special employment of another, responsibility for his acts at common law pass to the special employer Avith respect to the acts committed by the employee during the course of such special employment. (Irwin v. Klein, 271 N. Y. 477.) However, the question as to whether Clapper was in the special employ of Corsi is not crucial to the determination in this case since even if he Avere not deemed to be a special employee of Corsi he would, nevertheless, be liable to Daly and be required to indemnify Daly for loss resulting from his own negligence in the operation of the Corsi tractor. A primary Avrongdoer, even in the absence of an express contract, is responsible for his negligent act, not only to persons directly injured, but also to one who is caused damages by operation of law. (Tipaldi v. Riverside Mem. Chapel, 273 App. Div. 414, affd. 298 N. Y. 686.)
Since Clapper is an omnibus insured within the terms of the liability policy issued to Corsi, Corsi’s carrier is required to indemnify Clapper against loss sustained by Clapper as a result of his negligent operation of the Corsi tractor. Corsi’s carrier, therefore, is required to pay the amount of the settlement which it arranged Avith the plaintiffs, Gilbert and Anderson.
It then follows that except for the possible application of the then section 59 and section 59-a of the Vehicle and Traffic Law, no liability can be imposed against Daly or his insurance carrier. *1080 If Daly is responsible at common law for Clapper’s negligence in the operation of the Corsi tractor, then Daly is entitled to be indemnified by Corsi.
Section 59 of the Vehicle and Traffic Law did not impose any liability on the owner of a trailer or any other vehicle being towed by a motor vehicle, the theory being that such towed vehicle is not a motor vehicle being operated on a highway within the meaning of section 59. (Herrick v. Arborio, 144 Misc. 15.) The fact that the Daly tractor was being towed piggyback style did not, in the opinion of the court, bring this case within the purview of section 59 of the Vehicle and Traffic Law. (See Hennessy v. Walker, 279 N. Y. 94.)
Section 59-a as it applied to this case on the day of the accident did impose liability on the owner of a trailer or semi-trailer. Under that section the motorized vehicle and the trailer are deemed one vehicle. Section 59-a, heretofore quoted, did not define a trailer or semi-trailer. To ascertain the meaning of the terms of “ trailer ” or “ semi-trailer ” reference should be made to subdivisions 27 and 28 of section 2 of the Vehicle and Traffic Law which reads as follows:
“27. ‘ Trailer ’ shall include any vehicle not propelled by its own power drawn on the public highways by a motor vehicle or motor cycle operated thereon, except motor cycle side cars, vehicles being towed by a non-rigid support and vehicles designed and primarily used for other purposes and only occasionally drawn by a motor vehicle or motor cycle.
“28. ‘ Semi-trailer ’ shall include any trailer which is so designed that when operated the forward end of its body or chassis rests upon the body or chassis of the towing vehicle.”
The court notes that a trailer does not include a vehicle designed and primarily used for other purposes and only occasionally drawn by a motor vehicle or motorcycle. Here Daly’s tractor, which was obviously designed for other purposes, was drawn by a motor vehicle, specifically the Corsi tractor, for a very occasional and sole purpose.
It is thus the opinion of the court that a tractor being towed by another tractor cannot be construed as a trailer or semitrailer and, therefore, the joint liability imposed by section 59-a of the Vehicle and Traffic Law is not applicable.
Accordingly, the court finds that the defendant Daly is not liable for the negligence of Clapper in operating the tractor owned by Corsi, either at common law or under section 59 or section 59-a of the Vehicle and Traffic Law. The court, therefore, finds for the defendants.