■ PETER LACK, Appellant, v. E. P. LAWSON CO., INC., Respondent.— In an action against the manufacturer of a paper-cutting machine to recover damages for personal injury sustained as the result of its operation with safety devices which were claimed to have been negligently designed, plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered February 18, 1960 after a jury trial, dismissing the complaint at the close of plaintiff's case. Judgment affirmed, without costs. No opinion. Ughetta, Acting P. J., Brennan, Hill and Rabin, JJ., concur; Kleinfeld, J., dissents, and votes to reverse the judgment and to grant a new trial, with the following memorandum: The Trial Justice struck out the testimony of plaintiff's expert witness on the ground that in his (the Justice's) opinion the expert was not qualified. Without the expert's testimony, there was no proof of negligent design of the safety devices. With his testimony, the proof may well have been adequate to show prima facie such negligent design. But regardless of the efficacy of the testimony, it was error to strike it out since its admissibility depended upon the expert's qualifications rather than upon his ability or credibility. The record discloses that this expert was amply qualified. He had 2 years' experience in machine designing; 3 years' experience in field construction; and 12 years' experience with the Industrial Board of the New York State Department of Labor, where his duties included the writing of the safety rules in the Industrial Code and where he was a member of a committee which decided whether particular machines should receive Industrial Board approval. He remained in the employ of the Labor Department until his retirement in 1959. The record also shows that he was familiar with the type of machine involved in the accident here; that he was familiar with the operation of the specific machine here involved; and that he was familiar with the principles of its safety devices. Under all the circumstances, his testimony should not have been struck out; it was an abuse of discretion so to do. It should be emphasized that the admissibility of the expert's testimony is not to be affected or determined by its efficacy or its adequacy in establishing defendant's prima facie negligence. The admissibility of an expert's testimony should not be confused with the weight to be given to it. The weight to be

accorded to such testimony is for the trier of the facts — the jury here (*Commercial Cas. Ins. Co.* v. *Roman,* 269 N. Y. 451, 456–457). Where, as here, the expert was clearly qualified, his testimony should have been permitted to remain in the record, and the case should have proceeded to a determination on the merits upon the basis of all the proof adduced — including the testimony of the expert.